IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Cr. No. 02-00540 SOM |
| --- | --- | --- |
| Plaintiff-Respondent, | )<br>)<br>) | Civ. No. 16-00228 SOM |
| vs. | )<br>) | ORDER DENYING PETITIONER'S<br>MOTION UNDER 28 U.S.C. § 2255 |
| TED S. ESTEBAN, | )<br>) | TO VACATE, SET ASIDE, OR<br>CORRECT SENTENCE BY A PERSON |
| Defendant-Petitioner. | )<br>) | IN FEDERAL CUSTODY AND<br>GRANTING A CERTIFICATE OF |
| _____ | ) | APPEALABILITY |

**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN
FEDERAL CUSTODY AND GRANTING A CERTIFICATE OF APPEALABILITY**

**I.     INTRODUCTION.**

Petitioner Ted Esteban pled guilty to multiple counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), as well as to carrying a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c).  For the robbery charges, Esteban was sentenced to 120 months in custody, which was a Guideline sentence.  The firearm charge carried a mandatory minimum sentence of ten years, which was statutorily required to run consecutively to the sentence on the other charges.  Pursuant to 28 U.S.C. § 2255, Esteban now argues that his conviction under § 924(c) must be vacated given what he says is the unconstitutionality of § 924(c)'s residual clause.  The court denies Esteban's petition, concluding that, under

controlling Ninth Circuit authorities, Esteban's conviction is sustainable under § 924(c)'s force/elements clause.

**II.      BACKGROUND.**

    **A. Relevant Statutory Provisions.**

Esteban challenges his conviction under 18 U.S.C. § 924(c)(1), which provides:

> [Generally,] any person who, during and in relation to any *crime of violence* . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . [i]f the firearm possessed . . . [is a] short-barreled shotgun . . . be sentenced to a term of imprisonment of not less than 10 years.

*Id.* (emphasis added).

"Crime of violence," in turn, is defined at 18 U.S.C. § 924(c)(3), a provision that contains two clauses (a force/elements clause and a residual clause):

> [T]he term "crime of violence" means an offense that is a felony and--
>
> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another [*the force/elements clause*], or
>
> (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [*the residual clause*].

*Id.*

2

**B. Factual Background.**

Esteban went on a crime spree in late 2002.

On November 30, 2002, Esteban, holding what seemed to be a silver-colored handgun (but what in reality was a high-quality replica), went to Reynolds Recycling in Waipahu, Hawaii and told the store clerk, "I need your money," which caused the clerk to fear for his life. ECF 49-1, PageID #s 240, 242; ECF 49-2, PageID # 272. Esteban got about $200 from the cash register. ECF 49-1, PageID # 240; ECF 49-2, PageID # 272. Esteban then fled the store in a gray car. ECF 49-1, PageID # 240; ECF 49-2, PageID # 272.

A few days later, on December 4, 2002, Esteban went to Baskin Robbins in Waipahu, Hawaii, again brandishing the silver replica handgun. ECF 49-1, PageID # 240; ECF 49-2, PageID # 272. Esteban pointed the gun at a sales clerk and stated, "I don't want to hurt you, just give me the money." ECF 49-1, PageID # 240; ECF 49-2, PageID # 272. The clerk complied, giving Esteban about $200 from the register. ECF 49-1, PageID # 240; ECF 49-2, PageID # 272.

The next day, on December 5, 2002, Esteban and a coconspirator went to Video Warehouse in Aiea, Hawaii. ECF 49-1, PageID # 240; ECF 49-2, PageID #s 272-73. Esteban had the replica handgun, and his coconspirator carried a (genuine)

sawed-off shotgun.  ECF 49-1, PageID # 240; ECF 49-2, PageID #s 272-73.  Both individuals had their faces covered.  ECF 49-1, PageID # 240; ECF 49-2, PageID # 272-73.  The coconspirator pointed the shotgun at a store employee while Esteban instructed, "Give me all your money."  ECF 49-2, PageID # 273; see also ECF 49-1, PageID # 240.  The employee complied, handing over a few hundred dollars from the register.  ECF 49-1, PageID # 241; ECF 49-2, PageID # 273.  The pair took the money, got car keys from a customer in the store, and then fled in the customer's car.  ECF 49-1, PageID # 240-41; ECF 49-2, PageID # 273.

Three days later, on December 8, 2002, Esteban walked into Domino's Pizza in Ewa Beach, Hawaii, pointed his replica handgun at the cashier and the manager, and stated, "I want your money, give me all your money."  ECF 49-1, PageID # 241; ECF 49-2, PageID # 273.  The manager gave Esteban around $100 from the cash register.  ECF 49-1, PageID # 241; ECF 49-2, PageID # 273.

The next day, on December 9, 2002, Esteban entered Aloha Island Mini Mart in Waipahu, Hawaii, brandished the silver replica handgun, and demanded money from the store's cashier.  ECF 49-1, PageID # 241; ECF 49-2, PageID # 274.  The cashier handed Esteban $46 from the store register.  ECF 49-1, PageID # 241; ECF 49-2, PageID # 274.

Two days later, on December 11, 2002, Esteban, with a shirt over his face, walked into the Salvation Army store in Waipahu, Hawaii, holding a (genuine) sawed-off shotgun. ECF 49-1, PageID # 241; ECF 49-2, PageID # 274. Esteban pointed the shotgun at the manager/cashier and demanded money. ECF 49-1, PageID # 241; ECF 49-2, PageID # 274. Esteban got about $244 from the cash register and fled the store. ECF 49-1, PageID # 241; ECF 49-2, PageID # 274. All of the businesses robbed by Esteban were engaged in interstate commerce. *See* ECF 49-1, PageID # 240-41; ECF 49-2, PageID #s 272-74.

As the various robberies took place, the Honolulu Police Department began investigating Esteban, then began actively looking for him. ECF 49-1, PageID # 241; ECF 49-2, PageID # 274. On December 12, 2002, Honolulu Police Department officers spotted Esteban at the Chevron gas station in Waipahu, Hawaii. The officers got out of their cruiser to approach him. ECF 49-1, PageID #s 241-42; ECF 49-2, PageID #s 274-75. Esteban saw the officers and fled on foot, throwing away a large black bag during the chase. ECF 49-1, PageID # 241; ECF 49-2, PageID # 274. The officers caught and arrested Esteban and found a sawed-off shotgun in the bag, which Esteban later admitted was his. ECF 49-1, PageID # 241; ECF 49-2, PageID # 274. In an unrelated case, the officers also recovered the silver replica

5

handgun, which Esteban admitted he had used during the robberies.  ECF 49-1, PageID # 241; ECF 49-2, PageID # 275.

A nine-count Indictment was filed against Esteban. ECF 1.  Counts 1 to 7 were six Hobbs Act robbery counts and a conspiracy count, in violation of 18 U.S.C. § 1951(a).  *See id.* at PageID #s 1-6.  Counts 8 and 9 were for using and carrying firearms during crimes of violence, in violation of 18 U.S.C. § 924(c).  *See id.* at PageID # 6.  Count 8 was later dismissed pursuant to a plea agreement.  *See* ECF 49-1, PageID # 239; ECF 49-2, PageID # 270.  Count 9, which Esteban is challenging here, indicated that Esteban "did knowingly and intentionally use and carry a firearm that was a short-barreled shotgun . . . during and in relation to a crime of violence," i.e., his robbery of Aloha Island Mini Mart.  ECF 1, PageID #s 6-7.

On April 14, 2003, Esteban pled guilty to Counts 1, 2, 3, 4, 5, 6, 7, and 9 of the Indictment.  ECF 49-1, PageID # 239. As part of his plea agreement, Esteban also agreed to

> waive[] his right to challenge his sentence
> or the manner in which it was determined in
> any collateral attack, including, but not
> limited to, a motion brought under [28
> U.S.C. § 2255], except that defendant may
> make such a challenge . . . based on a claim
> or ineffective assistance of counsel . . .
> [or if] the Court in imposing [the] sentence
> departs . . . upward form the guideline
> range determined by the Court to be
> applicable.

ECF 49-2, PageID # 279.  During the plea colloquy, Esteban told the court that he understood that, in accepting the plea, he was waiving his right to bring a collateral challenge to his sentence except on the ground of ineffective assistance of counsel or in the event of an upward departure.  *See* ECF 49-4, PageID # 301.

Esteban's sentence was calculated under the 2002 Guidelines and the Supplement Manual that became effective on April 30, 2003.  ECF 49-1, PageID # 243.  According to his Presentence Investigation Report ("PSR"), Esteban's Guideline range for Counts 1 to 7 was 100 to 125 months (offense level 27, criminal history category IV).  *Id.* at PageID #s 248, 252, 255.  For Count 9, the firearms count, the mandatory minimum sentence under 18 U.S.C. § 924(c) was a consecutive sentence of 10 years.  *Id.* at PageID # 248.  Neither party objected to the PSR's Guideline calculation or statements regarding statutory requirements.  *See* ECF 49-1, PageID #s 258-59.

On August 14, 2003, the court sentenced Esteban to twenty years of incarceration: 120-month sentences for each of Counts 1 to 7, with the sentences for those counts running concurrently, plus 120 months on Count 9, running consecutively to the sentences for Counts 1 to 7.  ECF 29; ECF 31, PageID # 17.  The court also imposed concurrent 3-year terms of supervised release on all counts.  ECF 29; ECF 31, PageID # 18.

Judgment was entered on August 27, 2003.  ECF 31.  Esteban did not appeal.  *See* ECF 49, PageID # 227.

Thirteen years later, on May 10, 2016, Esteban filed a § 2255 motion claiming that his "Count 9 conviction and sentence are unconstitutional due to Johnson v. U.S., 135 S.Ct. 2551 (2015)."  ECF 39, PageID # 43.  Esteban explained:

> The petitioner received a 120-month consecutive sentence on Count 9 for a violation of 18 U.S.C. 924(c).  Count 7's Hobbs Act robbery served as the predicate crime of violence for the petitioner's 924(c) conviction under Count 9.  Welch v. United States, 2016 WL 1551144 (2016), Johnson v. United States, 135 S.Ct. 2551 (2015), Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), and Descamps v. United States 133 S.Ct. 2276 (2013), instruct that only the residual clause could have lawfully authorized counting a Hobbs Act robbery as a 924(c) crime of violence, because the old rule as the Supreme Court has "always understood it" (Descamps, 133 S.Ct. at 2285) did and does not lawfully allow using the elements clause to do so.  Johnson's retroactive new substantive rule, accordingly, nullif[i]es the only legal basis upon which Hobbs Act robbery could predicate a 924(c) charge, both now and then, when the petitioner was convicted and sentenced.  The petitioner is thus actually innocent of violating 924(c).

ECF 39, PageID # 43.

The § 2255 motion also said that Esteban "did not appeal or raise this issue" beforehand because the "Johnson claim was not ripe until the Supreme Court decided Johnson v. United States, 135 S.Ct. 2551 (June 26, 2015)."  ECF 39, PageID

8

# 44; *see also id.* at PageID # 49. The § 2255 motion further noted that it was timely under 29 U.S.C. § 2253(f)(3):

> [F]or the petitioner relies on a right that the Supreme Court initially recognized in Johnson v. United States, 135 S.Ct. 2551 (June 26, 2015), which the Supreme Court acknowledged in Welch v. United States, 2016 WL 1551144 (Apr. 18, 2016), to be retroactively applicable to cases on collateral review.

ECF 39, PageID # 51.

In a Memorandum in Support of § 2255 Motion ("Memorandum") filed the same day, Esteban "acknowledge[d] that pre-*Johnson/Descamps* [Ninth Circuit] cases hold [that] robbery (including Hobbs Act robbery) qualifies categorically under the elements clause" of § 924(c). ECF 41, PageID # 75 (citing *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993), and *United States v. Selfa*, 918 F.2d 749, 751-52 (9th Cir. 1990)). Esteban said, however, that the Ninth Circuit's reasoning in these cases was "plainly irreconcilable with what the elements clause narrowly requires." *Id.* Esteban urged this court to "revisit" the Ninth Circuit's Hobbs Act holdings and declare that "a Hobbs Act robbery is not a match [under § 924(c)'s] elements clause." ECF 41, PageID #s 77, 78 (citing *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc)).

Esteban also filed a Motion for Release on Bail requesting his immediate release. ECF 40. Esteban pointed out

9

that, absent the ten-year consecutive sentence on the § 924(c) count, he would have been released by the time he filed his § 2255 motion. *See* ECF 41, PageID # 65.

On June 24, 2016, the United States filed a Memorandum in Opposition. ECF 49. The United States argued that Esteban's § 2255 motion was untimely; that his plea agreement waived his right to bring this collateral attack; that *Johnson* did not apply to Guideline cases (even though Esteban's case was not a Guideline case); and that, in any event, Hobbs Act robberies are "crimes of violence" under the force/elements clause of § 924(c) pursuant to longstanding Ninth Circuit precedent. *Id.* at PageID #s 228-30. The United States also opposed Esteban's immediate release on bail.

On July 8, 2016, this court held a hearing on Esteban's Motion for Release on Bail. ECF 50. The Government conceded at the hearing that the plea agreement did not bar Esteban's § 2255 motion, because the waiver only covered Esteban's "right to challenge his *sentence*," ECF 49-2, PageID # 279 (emphasis added), not his right to challenge his *conviction*. *See* ECF 50; *see also United States v. Spear*, 753 F.3d 964, 966 (9th Cir. 2013). This court then rejected the Government's other threshold argument--that Esteban's § 2255 motion was untimely--because the motion was filed within one year of the date that *Johnson* was decided. *See* ECF 50. The

10

court ultimately denied Esteban's Motion for Release on Bail, however, as it determined that Esteban had failed to demonstrate a likelihood of success on the merits. *See id.*

The parties then agreed, and the court ordered, that further discussion of Esteban's and others' § 2255 motions should be stayed pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). ECF 51. After *Beckles* came out, the stay was lifted, and the Government filed a supplemental memorandum that 1) preserved its timeliness objection in case of appeal; 2) reiterated its position that a Hobbs Act robbery is a "crime of violence" under the force/elements clause of 18 U.S.C. § 924(c)(3); and 3) argued that, even if Hobbs Act robbery were a crime of violence under the residual clause alone, that clause is constitutional. *See* ECF 60, PageID #s 354 n.1, 356, 360. Esteban responded with a supplemental memorandum asking the court to 1) find that Hobbs Act robbery does not qualify as a crime of violence under the force/elements clause; and 2) rule that the residual clause is void. *See* ECF 61, PageID # 368.

### III. STANDARD OF REVIEW.

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who challenges the length of his or her incarceration on any of the following four grounds: (1) the sentence was imposed in violation of the Constitution or laws of

11

the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

A petitioner must file his or her § 2255 motion within the one-year statute of limitations set forth in § 2255(f).  A motion must be filed one year from the latest of four dates: (1) when the judgment of conviction becomes final; (2) when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and (4) when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

A § 2255 petition cannot be based on a claim that has already been disposed of by the underlying criminal judgment and ensuing appeal.  *See Olney v. United States*, 433 F.2d 161, 162 (9th Cir. 1970) ("Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255.").  On the other hand, when a

§ 2255 petitioner has not raised an alleged error at trial or on direct appeal, the petitioner is procedurally barred from raising the issue in a § 2255 petition if the issue could have been raised earlier, unless the petitioner can demonstrate both "cause" for the delay and "prejudice" resulting from the alleged error. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982) ("[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."); *accord Davis v. United States*, 411 U.S. 233, 242 (1973). Procedural default, however, "is not a jurisdictional matter"; instead, it is "normally a 'defense' that the State is 'obligated to raise' and 'preserv[e]' if it is not to 'lose the right to assert the defense thereafter.'" *Trest v. Cain*, 522 U.S. 87, 89 (1997) (alteration in original) (quoting *Gray v. Netherland*, 518 U.S. 152, 166 (1996)); *see also* 1 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 71.7[a] (7th ed. 2016) (explaining that "the government can assert certain procedural defenses to section 2255 relief" including "waiver" or "procedural default").

**IV.     ANALYSIS.**

This court has already ruled that Esteban's § 2255 motion was timely and that--as the United States has conceded--

13

it was not barred by the waiver in his plea agreement.  *See* ECF 50.  The court now proceeds to the merits.

### A. Hobbs Act Robbery Is a Crime of Violence Under § 924(c)'s Force/Elements Clause.

Esteban argues that this court wrongly applied § 924(c)'s residual clause in deeming his Hobbs Act robbery a crime of violence.  *See* ECF 41, PageID #s 65, 68 (claiming that "Hobbs Act robbery is not an elements clause crime of violence" and that "*Johnson*'s retroactive new substantive rule invalidates §924(c)'s residual clause" (citing *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015)).  In fact, this court at sentencing did not specify which clause in the definition of "crime of violence" it was relying on.  *See* ECF 29; ECF 31, PageID # 16; ECF 49-2, PageID #s 248, 255.  The United States argues that Esteban's Hobbs Act robbery convictions qualify as "crimes of violence" under § 924(c)'s force/elements clause, making Esteban's attacks on the residual clause unavailing.  *See* ECF 55, PageID # 346.  The court concludes that Esteban cannot succeed under § 2255 because, at least in the Ninth Circuit, his Hobbs Act robbery convictions satisfy § 924(c)'s force/elements clause.

The force/elements clause of § 924(c)(3) defines a "crime of violence" to include a felony that "has as an element the use, attempted use, or threatened use of physical force

against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The Hobbs Act defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

The Ninth Circuit has held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force/elements clause. In *United States v. Howard*, 650 Fed. App'x 466, 468 (9th Cir. 2016), the Ninth Circuit first observed that it had "previously stated that Hobbs Act 'robbery indisputably qualifies as a crime of violence' under § 924(c)." *Id.* (quoting *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993)). The *Howard* court then rejected the argument that "because Hobbs Act robbery may be accomplished by putting someone in 'fear of injury,' 18 U.S.C. § 1951(b), it does not necessarily involve 'the use, attempted use, or threatened use of physical force,' 18 U.S.C. § 924(c)(3)(A)." *Id.* at 468. The Ninth Circuit declared this argument "foreclosed" by *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990), which "held that the analogous federal bank robbery statute, which may be violated by 'force and violence, or by *intimidation*,' 18 U.S.C. § 2113(a) (emphasis added), qualifies as a crime of violence" under a similar

15

force/elements clause.  *Id.*  The *Howard* court then reasoned that, "[b]ecause bank robbery by 'intimidation'--which is defined as instilling fear of injury--qualifies as a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as a crime of violence."  *Id.*  *Howard* thus "conclude[d] that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause."  *Id.* at 468 n.3.

Esteban asks this court to "revisit" the Ninth Circuit's decisions and declare that "a Hobbs Act robbery is not a match" under § 924(c)'s force clause.  ECF 41, PageID #s 77, 78 (citing *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc)).  He claims that this court has the power to do so because the Ninth Circuit's cases "fail to account for the minimal conduct analysis *Moncrieffe v. Holder*, 569 U.S. 184 (2013), makes clear is required" to deem an offense a crime of violence.  ECF 61, PageID # 368; *see also id.* at PageID # 371 (citing *Torres v. Lynch*, 136 S. Ct. 1619, 1629 (May 19, 2016)).  Regardless of whether this argument has analytical merit, this court cannot adopt it.

This court is bound by circuit precedent unless intervening higher authority "is clearly irreconcilable with [the] prior circuit authority."  *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).  The Ninth Circuit decided *Howard* on June 24, 2016, *see* 650 Fed. App'x 466, and Esteban identifies

no "intervening higher authority" subsequent to *Howard* and "irreconcilable" with it, *Miller*, 335 F.3d at 893. *Howard* thus remains good law. *See McShane v. United States*, Civ. No. 16-00206, 2017 WL 4126983, at *6 (D. Haw. Sept. 18, 2017) (concluding, on the basis of *Howard* and *Selfa*, that "Hobbs Act Robbery constitute[s] a crime of violence pursuant to the Element Clause" of § 924(c)).

Esteban suggests that *Howard* does not control this case because the Ninth Circuit did not reach the "minimal conduct" argument that he advances based on *Moncrieffe*. *See* ECF 61, PageID # 374. Esteban's argument is based on a footnote in *Howard* indicating that the panel "took no position" on the issue of whether "Hobbs Act robbery may be accomplished through *de minimis* use of force." 650 Fed. App'x at 468 n.1. Other recent Ninth Circuit decisions, however, have not limited *Howard*.

In *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990), the Ninth Circuit ruled that all "persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence,'" because the crime involves the "use, attempted use, or threatened use of physical force." *Id.* at 751 (quoting U.S.S.G. § 4B1.2(1)(i) (Nov. 1, 1989 ed.). The Ninth Circuit reached that conclusion even though Selfa had insisted that he

17

had "neither harmed nor threatened to harm anyone in any way during [his] robberies."  *Id.*

The Ninth Circuit has broadly reaffirmed *Selfa* as recently as this year.  In *United States v. Jordan*, the Ninth Circuit observed that "[u]nder our current case law, § 2113(a) bank robbery categorically qualifies as a 'crime of violence' under [the force/elements clause in] § 924(c)(3)(A)," and intervening authority has not "so clearly displaced our earlier precedents as to warrant plain error reversal."  680 F. App'x 634, 635 (9th Cir. 2017) (citing *Selfa*, 918 F.2d at 751), *cert. denied*, No. 16-9589, 2017 WL 2620081 (U.S. Oct. 2, 2017); *see also United States v. Cross*, 691 F. App'x 312, 312–13 (9th Cir. 2017) (observing that, per circuit precedent, "unarmed bank 'intimidation' under § 2113(a) requires the necessary level of violent physical force" to constitute a crime of violence, and "[n]o intervening authority has overruled these precedents" (citing *Selfa*, 918 F.2d at 751)); *United States v. Pritchard*, 692 F. App'x 349, 351-52 (9th Cir. 2017) (same as *Cross*, for armed bank robbery).  In so holding, *Jordan*, *Cross*, and *Pritchard* did not suggest that they "took no position" on the issue of whether these robberies "may be accomplished through *de minimis* use of force," *Howard*, 650 Fed. App'x at 468 n.1.  And although *Jordan* and *Cross* dealt with federal bank robbery, not Hobbs Act robbery, the panel in *Howard* drew no distinction

between the "fear of injury" required to prove Hobbs Act robbery and the "intimidation" required to prove federal bank robbery. *See* 650 Fed. App'x at 468 (reasoning that "[b]ecause bank robbery by 'intimidation' . . . qualifies as a crime of violence, Hobbs Act robbery" does too); *see also id.* (finding Howard's arguments about Hobbs Act robbery "unpersuasive" and "foreclosed" by *Selfa*).

In sum, even if *Howard* alone does not command the disposition here, *Howard* plus *Cross* plus *Jordan* plus *Pritchard* collectively do so.

Without categorizing Hobbs Act as a crime of violence under § 924(c)'s residual clause, this court relies on circuit precedent in ruling that federal bank robbery is a crime of violence under the force/elements clause. Esteban was appropriately sentenced under 18 U.S.C. § 924(c)(3)(A).

B. **The Court Issues a Certificate of Appealability.**

"The standard for granting a certificate of appealability is low. All that's required is that 'reasonable jurists could debate' whether the petition states a 'valid claim of the denial of a constitutional right' and whether the district court 'was correct in its procedural ruling.'" *Frost v. Gilbert*, 835 F.3d 883, 888 (9th Cir. 2016) (en banc) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Given the "low" standard, this court issues Esteban a certificate of

appealability as to the issue of whether he was appropriately sentenced under 18 U.S.C. § 924(c)(3)(A).

**V. CONCLUSION.**

For the foregoing reasons, the court DENIES the Motion for § 2255 relief and GRANTS a certificate of appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 31, 2017.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

United States v. Ted S. Esteban, Civ. No. 16-00228 SOM; ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND GRANTING A CERTIFICATE OF APPEALABILITY.